Nicholson, O. J.,
delivered the opinion of the court.
Baker and wife sold to Norvell the undivided interest of Baker’s wife in a tract of land of about 120 acres, for $8.00, and executed to- him a bond for title. The land had descended to- the wives of Norvell and Baker as tenants in *387 common. Norvell afterwards paid the purchase money but got no deed. The parties agreed to cancel the trade, when Baker and wife paid to Norvell $200, and executed their three notes for $200 each, together with a written agreement whereby Norvell was to release his claim for a title under Ms bond upon the payment of the three notes.
Baker and wife failed to pay the three notes, when Norvell filed Ms bill for a specific execution of the original contract, and if that could not be done, he prayed for a judgment against Baker and wife for the purchase money paid by him, with a lien on the land for its satisfaction. Upon the hearing the chancellor held the bond for title null and void, because of the coverture of Baker’s wife, and therefore refused a specific performance of the contract, but he held that Norvell was entitled to a decree for the purchase money and interest against Baker and wife, and ordered the land to be sold for the satisfaction of the amount.
. The land was accordingly sold and bought by Noi-vell, at $300, and title was vested in his wife at Ms request.
Baker and wife bring the case here by writ of error.
The decree is mamfestly correct so far as it treats the bond for title as a nullity, and refuses to decree a specific performance. But we find no evidence of fraud on the part of Baker’s wife in the transaction, nor is there any evidence that she received the purchase money paid by Nowell for the land.
We are therefore of opinion that it was erroneous to render a decree against her for the purchase money, and subject her interest in the land to its satisfaction.' The case of Rhea v. Iseley, and others, decided at the September term, 1871, at Knoxville [ante, 220], is conclusive of the present case. It- follows that the decree is reversed, so far as it gives judgment against Baker and wife, for the purchase money, and orders a sale of the land. The decree setting aside the title bond as null and void is affirmed, *388 and a decree will be rendered against Baker for tbe amount of tbe purchase money and interest.
Tbe costs will be paid by Norvell, witb judgment over tberefor, against Baker.